WARTHEN *et al. v.* WITHERS, executor.

The evidence was insufficient to support the verdict, and the judge erred in refusing a new trial.

No. 4932.    FEBRUARY 19, 1926.

Equitable petition. Before Judge Wright. Walker superior court. May 6, 1925.

In 1888 R. N. Dickerson was made a trustee for persons having different interests in certain realty (called Srite property), for the purpose of making sale of the property in subdivisions and paying off from the net proceeds of sale certain indebtednesses incurred in the original purchase of the property. It was provided that after the debts should be paid so much of the property as remained should be for distribution among the owners according to their respective interests. The trustee undertook to perform the duties imposed upon him, but did not dispose of all the property, and died in 1915, having survived the persons who had made him trustee. Soon after his death, the executor of the will of one of the persons who had created the trust, and two other persons alleging themselves to be successors in title to others of those who created the trust, brought an equitable suit for an accounting against the executor of the will of the trustee. The case was referred to an auditor. Among the items charged by the defendant against the trust estate was a promissory note for $2000, dated June 9th, 1888, which the defendant contended was a part of the indebtedness the trustee was directed

New Trial 29 Cyc. p. 832, n. 60.
Payment 30 Cyc. p. 1268, n. 65.
Trusts 39 Cyc. p. 476, n. 78; p. 477, n. 89 New.

to pay, and that it had been paid by him. The auditor reported a finding that the trustee did not pay this note. The defendant filed exceptions of fact to the finding, which were submitted to the jury; and the verdict sustained the exceptions, thereby reversing the findings of the auditor. The plaintiffs made a motion for a new trial on the grounds that the verdict was unauthorized by the evidence. The judge refused a new trial, and the plaintiffs excepted.

*Henry & Jackson, R. M. W. Glenn, M. B. Eubanks,* and *Denny & Wright,* for plaintiffs.

*Norman Shattuck, Rosser & Shaw,* and *Maddox, Matthews & Owens,* for defendant.

ATKINSON, J. The sole question is as to sufficiency of the evidence to authorize a finding that R. N. Dickerson, the trustee, paid the note and thereby became entitled to charge such payment against the estate in his accounting. On this question the trustee had the burden of proof, not only because the auditor's finding was against him, but also for the reason that as an original proposition proof that he paid the note was necessary to establish his right to charge the estate for the amount of the payment. The makers of the note and the payee were persons interested in the enterprise that the trustee represented. The note was discounted at a bank for money that was used in making an initial payment for the land. The persons who created the trust stipulated specially that from proceeds from sales of the land the trustee should pay outstanding notes that had been given for purchase of the land, and specifically directed that he should pay the note involved in this inquiry, thereby treating it as a liability of the associated members of the enterprise. They also executed to the payee, who indorsed the note before its delivery to the bank, a deed which purported to convey certain timber. The purpose of the deed was to secure him on his indorsement. The indorser paid the bank $80 interest, but did not pay any of the principal, nor did he ever cut any of the timber. After the note had gone to protest, it went into the hands of the indorser, under circumstances that are not clearly stated. But after receiving the note the indorser delivered it to the trustee, taking from him the following receipt: "Received of F. W. Copeland [the indorser] one promissory note in the following words and figures: LaFay-

55

ette, Ga., June 9, 1888. $2000. Six months after date we promise to pay to the order of F. W. Copeland two thousand dollars at the Chattanooga National Bank of Chattanooga, value received, with legal rate of interest after date until paid. If suit is brought upon this note we agree to pay all attorney's fees and cost of collection. The interest at 8 per cent. per annum from date. This contract subject to the laws of Georgia. Signed Robt. Dougherty, N. C. Napier. This note was also indorsed by F. W. Copeland. Said note also bears the following credit. 'By cash $80.00 Int. to Dec. 9, 1888, Pd. Dec. 17, 1888, by F. W. Copeland.' On Nov. 21st, 1903, F. W. Copeland made a certain deed to me embracing certain timbers therein described, and I paid to said Copeland $200 to reimburse or pay back to him said $80 and the interest thereon, and for his trouble and expense (the other property in said deed described not considered of value). Said note herein described is barred by statute and is so treated, but it is to be held until final settlement and winding up of the said Srite property. I am to account to F. W. Copeland as the atty. for the interested parties represented by him, and to said Copeland for any amount that may be realized from said timbers, after I am fully paid said $200 and interest and trouble and expense and other claims or demands for which I may be liable by reason of my indorsement, taxes, or other expense for the parties. Said note left with me as the property or the paper of F. W. Copeland. This Nov. 21st, 1903. Signed, R. N. Dickerson, Trustee for J. D. Williamson, Trustee, Robert Dougherty, and A. L. Snow."

The note was found among the effects of the trustee after his death, which occurred in 1915. Unless the facts hereinabove stated were sufficient to raise a presumption that the note was paid by the trustee, there was not sufficient evidence to authorize the verdict. The receipt given by the trustee shows the character of his holding, and its terms are incompatible with any theory that he acquired possession by having paid the note. His possession being thus explained, no presumption that he paid it will arise from the fact that the paper was found among his effects. The burden of proof was not successfully carried, and it follows that the verdict was not authorized by the evidence.

*Judgment reversed. All the Justices concur.*